[Cite as *State v. Mathena*, 2021-Ohio-3264.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

Court of Appeals No.  WD-21-025

    Appellee

Trial Court No.  2020CR0163

v.

Michael J. Mathena

**DECISION AND JUDGMENT**

    Appellant

Decided:  September 17, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Michael Mathena, appeals the judgment of the Wood County

Court of Common Pleas, convicting him following his guilty plea to one count of

menacing by stalking in violation of R.C. 2903.211(A)(2) and (B)(2)(e), a felony of the fourth degree, and sentencing him to serve 18 months in prison. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On June 25, 2020, appellant was indicted on two counts of menacing by stalking. The charges arose from appellant's conduct in repeatedly driving by the home of the victim B.T., driving by and staring down B.T.'s girlfriend, and sending lewd and threatening text messages to B.T. Notably, appellant previously had been arrested for stalking B.T. in 2011.

{¶ 3} On December 11, 2020, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to one count of menacing by stalking in violation of R.C. 2903.211(A)(2) and (B)(2)(e), a felony of the fourth degree. In exchange for his plea, the state agreed to dismiss the second count of menacing by stalking and to remain silent at sentencing.

{¶ 4} Following preparation of a presentence investigation report, sentencing was held on March 9, 2021. At the sentencing hearing, B.T. spoke about how appellant, who is 59 years old, has been stalking him for 12 years, going back to when B.T. was in high school. According to B.T., appellant has driven past his home then texted him to tell him what was going on inside, has looked through the windows, has sent pictures and text messages, has taken pictures of him at wrestling tournaments, and has impersonated him

2.

to harass other classmates. B.T. stated that the stalking and harassment ended during appellant's prior probationary period, but has since started up again.

{¶ 5} Appellant, speaking on his own behalf, offered that he did not know what it was that made him behave in this manner. Appellant stated that it is something that he cannot control, and that he would like a chance to receive counseling for it. Likewise, appellant's trial counsel urged the court to follow the recommendation of the doctor that completed the mental health assessment as part of the presentence investigation report, who recommended that appellant receive counseling, probation, monitoring, supervision, mental health counseling, and anger management services.

{¶ 6} Ultimately, upon considering R.C. 2929.11 and 2929.12, the statements made at the sentencing hearing, the presentencing investigation report, and letters submitted on behalf of appellant or the victim, the trial court sentenced appellant to serve 18 months in prison.

## II. Assignment of Error

{¶ 7} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

1. The trial court erred to the prejudice of appellant by imposing a maximum sentence that is not supported by law, instead of ordering community control sanctions.

3.

# III. Analysis

**{¶ 8}** In his assignment of error, appellant argues that given appellant's mental health issues, his lengthy prior military service, his current employment, and his minimal criminal record, the trial court should have imposed community control. Furthermore, appellant argues that while his past conviction for menacing by stalking involved the same victim, and that his repeated behavior is disturbing, appellant's conduct does not constitute the worst form of the offense, and thus the trial court should not have sentenced appellant to the maximum prison sentence for a felony of the fourth degree.

**{¶ 9}** We review criminal sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

{¶ 10} Here, appellant does not argue that the record does not support the trial court's statutory findings listed under R.C. 2953.08(G)(2)(a).[1] Rather, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, appellant argues that the record does not support a maximum sentence, and is thus contrary to law under R.C. 2953.08(G)(2)(b). In effect, appellant is asking us to substitute our judgment for that of the trial court, and determine that something less than a maximum sentence is appropriate. However, the Ohio Supreme Court has clarified that such an analysis is not appropriate for appellate review. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42, the court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Therefore, we will not consider in this case whether the facts supported imposing the maximum prison sentence as opposed to community control sanctions.

{¶ 11} Accordingly, appellant's assignment of error is not well-taken.

---

[1] R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4), and R.C. 2929.20(I), are wholly inapplicable here. R.C. 2929.13(B) is relevant in that appellant was sentenced on a fourth-degree felony. However, as appellant concedes, the presumption of community control in R.C. 2929.13(B)(1)(a) does not apply because menacing by stalking is an offense of violence as defined in R.C. 2901.01(A)(9)(a). Thus, pursuant to R.C. 2929.13(B)(2), in determining whether to impose a prison sanction for a felony of the fourth degree, the trial court "shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."

5.

# IV. Conclusion

{¶ 12} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

_____
Myron C. Duhart, J. _____
CONCUR.                                                              JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.